**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE SANTOS, | : | |
| | : | Civil Action No. 09-1804 (MLC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

JOSE SANTOS, Plaintiff pro se, # E1957, Ocean County Jail
120 Hooper Avenue, Toms River, New Jersey 08753

**COOPER**, District Judge

Plaintiff, Jose Santos, a state inmate confined at the Ocean County Jail in Toms River, New Jersey, applies to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915(a). Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application and file the Complaint.

The Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint.

## I.   BACKGROUND

Plaintiff, Jose Santos ("Santos"), brings this civil action against the following defendants: the State of New Jersey; the Office of the Ocean County Prosecutor and Michelle Armstrong, Esq.; the Ocean County Public Defender's Office and William F. Smith, Esq.; and the Honorable Wendell E. Daniels, J.S.C. (Complaint, Caption, ¶¶ 4b-4e).

Santos claims that the defendants violated his constitutional rights as to his ongoing state criminal proceeding.  He claims that the state prosecutor and Judge Daniels have violated his Eighth Amendment rights by recommending and setting bail at an excessive amount.  He also claims that Judge Daniels has violated his Sixth Amendment right to a speedy trial.  Specifically, Santos alleges that defendants have postponed his court dates six times within a year's time.  Santos also asserts that his appointed counsel has rendered ineffective assistance in violation of the Sixth Amendment.

In a recent letter to this Court, received on August 24, 2009 and docketed on August 25, 2009 (docket entry no. 8), Santos complains that the Ocean County Jail, where he is confined, "keeps stopping his legal mail from making it to its destination in a timely manner."  He claims that his incoming and outgoing legal mail is held for more than 24 hours in violation of New Jersey regulations, i.e., N.J.A.C. § 10A:31-19.3.

Santos does not specify any relief, such as monetary damages, except he appears to ask that this Court rectify all alleged constitutional violations.

## II. STANDARDS FOR SUA SPONTE DISMISSAL

A district court must review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must construe it liberally in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

3

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see Erickson, 551 U.S. at 93-94 (reviewing whether pro se prisoner civil rights complaint complied with pleading requirements of Rule 8(a)(2)).

The standard for summary dismissal of a complaint that fails to state a claim has been refined in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), wherein the issue was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions on his treatment during detention which, if true, violated his constitutional rights.  Id.  The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions'

4

or 'a formulaic recitation of the elements of a cause of action will not do,' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Id. at 1950.

To prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible, to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1948. Iqbal emphasizes that a plaintiff must demonstrate that the allegations in the complaint are plausible. Id. at 1949-50; see Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, No. 07-4285, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that applied to complaints before Twombly. Fowler, 2009 WL 2501662, *5.[1] Now, a district court must conduct the two-part analysis set forth in Iqbal when deciding whether to dismiss a complaint:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 2009 WL 2501662, *5.

---

[1] In Conley, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss AS long as it contained a bare recitation of the claim's legal elements.

### III.  SECTION 1983 ACTIONS

Santos brings this action pursuant to 42 U.S.C. § 1983.  To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

**A.  Judicial Immunity**

A judicial officer in the performance of his or her duties has absolute immunity from suit.  Mireless v. Waco, 502 U.S. 9, 12 (1991).  This immunity extends to judges of courts of limited jurisdiction, such as New Jersey municipal court judges.  Figueroa v. Blackburn, 208 F.3d 435, 441-43 (3d Cir. 2000).  Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  Judicial immunity serves to further the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences."  Pierson v. Ray, 386 U.S. 547, 554 (1967).  Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  Mireless, 502 U.S. at 11.

There are two narrow circumstances where a judge's immunity from civil liability may be overcome.  The first exception is

where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity.  Id.; see Figueroa, 208 F.3d at 440.  The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction.  Mireless, 502 U.S. at 11; Figueroa, 208 F.3d at 440.  Neither exception is applicable here.

Plaintiff's claims against Judge Daniels involve the setting of bail and the conduct of Santos' state criminal proceedings, which are acts taken in the judge's judicial capacity.  Thus, the claims asserted against Judge Daniels will be dismissed.

**B.   Prosecutorial Immunity**

Santos claims that the state prosecutor defendants sought an excessive bail and delayed the trial.  "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  Burns v. Reed, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function.  See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as complaining witness rather than prosecutorial advocate for state); Burns, 500 U.S. at 492-96 (provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor is not acting as advocate, and is not entitled to absolute immunity, when holding press conference or fabricating evidence); see also Yarris v. County of Del., 465 F.3d 129 (3d Cir. 2006) (giving detailed and nuanced analysis of when prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with prosecution; holding, for example, that prosecutor is not entitled to absolute immunity for deliberately destroying highly exculpatory evidence, but is entitled to immunity for making decision to deliberately withhold exculpatory evidence before and during trial, but not after the conclusion of adversarial proceedings).

Santos' allegations against the state prosecutor appear to fall within the scope of prosecutorial duties in initiating and pursuing a criminal prosecution against him.  Indeed, there are no allegations that Ms. Armstrong acted outside the scope of her

prosecutorial role, and this Court is hard-pressed to find any allegation of wrongdoing or prosecutorial misconduct. Therefore, the claims against Armstrong and the Ocean County Prosecutor's Office will be dismissed for failure to state a claim.

**C.   Claim Against Public Defender**

Santos alleges that his defense counsel, William F. Smith, a public defender, is ineffective as his defense counsel at trial in violation of the Sixth Amendment. This claim is not actionable at this time. Smith is not subject to liability under § 1983 because he is not a state actor. A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defender performing lawyer's traditional functions as counsel to defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law). Even if Smith were a privately retained lawyer, he would not be subject to liability under § 1983. Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client).

Even if Santos had pleaded facts showing that his attorney is acting under color of state law, any claim concerning a violation

10

of plaintiff's right to effective assistance of counsel must first be raised in his ongoing state criminal proceedings. A federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

To the extent that Santos's criminal trial is no longer pending, and he has been convicted and sentenced on any state charges, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court remedies, i.e., by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254, to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel. Preiser v. Rodriguez, 411 U.S. 475 (1973).

Therefore, the claims asserting any liability of Smith under § 1983, as to an ineffective assistance of counsel claim, must be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

### D.  **Eleventh Amendment Immunity**

Plaintiff also names the State of New Jersey as a defendant. But the claims against the State of New Jersey must be dismissed

---

[2] This Court notes that Santos admits that he had filed an earlier action against his trial counsel, under Civil No. 08-3846, and that this action had been dismissed on November 10, 2008, for failure to state a claim.

pursuant to the Eleventh Amendment.  The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

A suit by private parties seeking to impose a liability that must be paid from public funds in a state treasury is barred from federal court, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).  Therefore, the claims against the State of New Jersey will be dismissed.

**E.   Interference With Legal Mail**

It appears that in Santos's recent letter to this Court, he may be attempting to allege a claim that the Ocean County Jail is interfering with his legal mail.  Inmates have a limited liberty

interest in their mail under the First and Fourteenth Amendments; thus, an inmate's constitutional right to send and receive mail may be restricted only for legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987).  A single interference with the delivery of an inmate's personal mail, without more, does not rise to the level of a constitutional deprivation. Morgan v. Montayne, 516 F.2d 1367 (2d Cir. 1975).

But an assertion that legal mail is intentionally opened and read, delayed for an inordinate period of time, or stolen states a First Amendment claim. See, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996); Castillo v. Cook County Mail Room Dep't, 990 F.2d 304 (7th Cir. 1993).  "[A] pattern and practice of opening properly marked incoming court mail outside an inmate's presence infringes communication protected by the right to free speech.  Such a practice chills protected expression and may inhibit the inmate's ability to speak, protest, and complain openly, directly, and without reservation with the court." Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995) (applying the Turner analysis), implied overruling on other grounds recognized in Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).  The Third Circuit has held that the legal mail policy of state prison in opening legal mail outside the presence of the inmate violated the inmate's First Amendment right to freedom of speech, and was

13

not reasonably related to prison's legitimate penological interest in protecting health and safety of prisoners and staff. <u>Jones v. Brown</u>, 461 F.3d 353 (3d Cir. 2006).

Santos appears to allege that his outgoing legal mail has been delayed for more than 24 hours before being sent to "its destination in a timely manner," for no legitimate reason. Based on this general allegation, which must be taken as true at this preliminary screening stage, the Court would be inclined to allow the claim to proceed because the factual assertion appears to be sufficient at this time to support an interference with the mail claim. Nevertheless, Santos has not named a defendant as to this claim, and the Ocean County Jail cannot be sued under § 1983 because jail facilities are not "persons" for purposes of § 1983 liability. <u>See</u> <u>Grabow v. S. State Corr. Facility</u>, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (New Jersey Department of Corrections is not a person under § 1983).; <u>Mitchell v. Chester County Farms Prison</u>, 426 F.Supp. 271, 274 (E.D. Pa. 1976).

Therefore, the Court will dismiss this claim without prejudice and allow Santos to file an amended pleading naming the proper defendant as to his interference with legal mail claim, if he in fact wishes to pursue such a claim.

### V. CONCLUSION

The Complaint will be dismissed in its entirety as to all named defendants for failure to state a claim and because

plaintiff seeks relief from defendants who are immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2).  Further, the claim alleging interference with legal mail will be dismissed at this time because plaintiff fails to name a defendant subject to liability.  An appropriate order and judgment follows.

                                                  s/Mary L. Cooper  
                                         **MARY L. COOPER**  
                                         United States District Judge

Dated:    August 31, 2009